

**ORDERED in the Southern District of Florida on January 18, 2011.**

Erik P. Kimball, Judge
United States Bankruptcy Court

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | CASE NO.: 09-15557-EPK |
| Charles J. Kane, | CHAPTER 7 |
|      Debtor. | |
| _____/ | |
| Stewart Tilghman Fox & Bianchi, P.A., | |
| William C. Hearon, P.A. and | |
| Todd S. Stewart, P.A., | |
|      Plaintiffs, | |
| v. | ADV. NO.: 09-01838-EPK |
| Charles J. Kane, | |
|      Defendant. | |
| _____/ | |
| In re: | CASE NO.: 09-15558-EPK |
| Harley N. Kane, | CHAPTER 7 |
|      Debtor. | |
| _____/ | |

**Stewart Tilghman Fox & Bianchi, P.A.,**
**William C. Hearon, P.A. and**
**Todd S. Stewart, P.A.,**

      **Plaintiffs,**

**v.**                          **ADV. NO.: 09-01839-EPK**

**Harley N. Kane,**

      **Defendant.**

_____/

## <u>ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT</u>

THIS MATTER came before the Court upon the following:

(1) *Plaintiffs' Motion for Partial Summary Judgment* [09-1838-EPK, DE 63]

(2) *Defendant's Cross-Motion for Summary Judgment* [09-1838-EPK, DE 91]

(3) *Plaintiffs' Motion for Partial Summary Judgment* [09-1839-EPK, DE 47]

(4) *Defendant's Cross-Motion for Summary Judgment* [09-1839-EPK, DE 72]

For the reasons stated below, the Court denies all of the foregoing motions and cross-motions for summary judgment.[1]

Federal Rule of Civil Procedure 56(a), made applicable to this matter by Federal Rule of Bankruptcy Procedure 7056, provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). In considering

---

[1] Because the complaints in the above-captioned adversary proceedings are substantially identical, and the motions for summary judgment, cross-motions for summary judgment and other briefs are also substantially identical, the Court refers to these filings in the singular. Unless specifically stated, the Court's intention is that a reference to a document, such as a complaint, motion, response or reply, is intended to refer to the same document filed in each of the adversary proceedings.

a motion for summary judgment, the Court must construe all facts and draw all reasonable inferences in the light most favorable to the non-moving party. *Id.*

The moving party has the burden of establishing that there is an absence of any genuine issue of material fact. *Celotex,* 477 U.S. at 323. Once the moving party meets that burden, the burden shifts to the non-movant, who must present specific facts showing that there exists a genuine dispute of material fact. *Walker v. Darby*, 911 F.2d 1573, 1576 (11th Cir. 1990) (citation omitted). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Id.* (*citing Anderson*, 477 U.S. at 252).

Collateral estoppel principles apply in discharge exception proceedings under Bankruptcy Code section 523(a). *Grogan v. Garner*, 498 U.S. 279, 285 n.11 (1991). "A bankruptcy court may rely on collateral estoppel to reach conclusions about certain facts, foreclose relitigation of those facts, and then consider those facts as 'evidence of nondischargeability.'" *Thomas v. Loveless (In re Thomas)*, 288 Fed. Appx. 547, 548 (11th Cir. 2008) (citation omitted). "Collateral estoppel, or issue preclusion, bars relitigation of an issue previously decided in judicial or administrative proceedings if the party against whom the prior decision is asserted had a 'full and fair opportunity' to litigate that issue in an earlier case." *St. Laurent v. Ambrose (In re St. Laurent),* 991 F.2d 672, 675 (11th Cir. 1993).

Because the state court judgment at issue in this case was rendered by a Florida state court, this Court must apply the collateral estoppel law of Florida. *In re St. Laurent*, 991 F.2d at 676. Under Florida law, for the judgment to have preclusive effect, four elements must be satisfied:

(1) the issue at stake must be identical to the one decided in the prior litigation;

(2) the issue must have been actually litigated in the prior proceeding;

3

(3) the prior determination of the issue must have been a critical and necessary part of the judgment in that earlier decision; and

(4) the standard of proof in the prior action must have been at least as stringent as the standard of proof in the present case.

*Id.*

Each complaint in these adversary proceedings has five counts. The Court will address each count in turn.

Count I is an action under section 727(a)(2) of the Bankruptcy Code for denial of discharge. The elements of that cause of action are: (1) an intent to hinder, delay or defraud; (2) a creditor or an officer of the estate; (3) by transferring, removing, destroying, mutilating or concealing; (4) property of the debtor; (5) within one year before the petition date or after the petition date. 11 U.S.C. § 727(a)(2)(A). Stewart Tilghman Fox & Bianchi, P.A., William C. Hearon, P.A., and Todd S. Stewart, P.A. (collectively, the "Plaintiffs") allege that defendants Charles J. Kane and Harley N. Kane (the "Debtors") received more than $4 million between 2004 and 2008 and that the Debtors dissipated most of these funds with the actual intent to hinder, delay or defraud the Plaintiffs themselves.

The Plaintiffs originally included Count I in their summary judgment motion, but withdrew the request for summary judgment in their reply. The Debtors seek summary judgment on Count I.

The Debtors argue that the complaint does not list specific transfers within the one year prior to the petition date. The Plaintiffs respond that the complaint includes allegations of large expenditures for the period 2004 to 2008 and that the Debtors are in control of the specific information regarding the timing and amount of transfers relevant to this count.

4

The Plaintiffs alternatively request time to complete additional discovery on this issue, apparently under Fed. R. Civ. P. 56(d).[2]  The litigation here is the most recent chapter in the contentious history between the parties, extending back to 2002.  The Debtors' own expenditure data, filed in connection with these motions, is not adequate to explain the alleged transfers during the relevant period.   Additional discovery likely will not eliminate material issues of fact on this count.

Statements in the Debtors' affidavits that they lacked the intent to hinder, delay or defraud a creditor or officer of the estate are not dispositive in the summary judgment context.  When intent is at issue, as it is under section 727(a)(2), it is appropriate for the trier of fact to hear and see the defendant testify.

Lastly, the Debtors suggest some component of the claim under section 727(a)(2) was litigated in the state court action previously brought by the Plaintiffs against the Debtors and others.[3]  The judgment in that action does not support their contention.

Based on the evidence presented in the affidavits and other documents filed in connection with these motions, there is a material dispute as to the Debtors' intent in connection with transfers during the relevant period.   Summary judgment is not appropriate on Count I.

Count II is an action under section 727(a)(5) of the Bankruptcy Code for denial of discharge.  The elements of this cause of action are that: (1) the debtor failed to explain satisfactorily; (2) a loss of assets or a deficiency to meet his or her liabilities.  11 U.S.C. § 727(a)(5).

---

[2] The motions for summary judgment were briefed prior to December 1, 2010, when amendments to Fed. R. Civ. P. 56 took effect.  Effective December 1, 2010, the provisions of former Fed. R. Civ. P. 56(f) can be found in Fed. R. Civ. P. 56(d).

[3] *Tilghman Fox & Bianchi, P.A. v. Kane & Kane*, Case No. 502004CA006138XXXXMBAO, filed in the Circuit Court of the Fifteenth Judicial Circuit of Florida in and for Palm Beach County.  The Circuit Court entered Final Judgment in that case on or about April 24, 2008.  A copy of such Final Judgment was filed with this Court in connection with the present motions.  References in this order to the "state court action," the "state court judgment" and words of similar import refer to the aforementioned state court case and Final Judgment.

The Plaintiffs allege that the Debtors received more than $4 million between 2004 and 2008, that most of this was dissipated prior to the petition date, and that the Debtors failed to satisfactorily explain such expenditures.  On Count II, the Plaintiffs point to the fact that the Debtors had significant income in the years prior to their chapter 7 petitions but comparatively little in the way of assets at the time they filed these cases.  The Plaintiffs also argue that the Debtors failed to provide discovery on issues relevant to this claim and should not be permitted to rely on this failure to defend the claim.

Alternatively, the Plaintiffs request more time to complete discovery on such issues, apparently under Fed. R. Civ. P.  56(d).  As with Count I, additional discovery likely will not resolve this issue for summary judgment purposes.

The Debtors' affidavits are not helpful on Count II because they do not fully explain the Debtors' expenditures and transfers in the period prior to filing these cases.  Section 727(a)(5) requires the Court to determine whether the explanation provided by the Debtors is satisfactory. The Court may consider all relevant circumstances, including the materiality of any loss or deficiency in light of the facts of the case, and this necessarily requires weighing all of the evidence including testimonial evidence.  It is typically necessary to hear and see the relevant witness or witnesses testify, and so summary judgment is often not appropriate for claims under section 727(a)(5).  This is particularly the case where, as here, there is circumstantial evidence that places the Debtors' position in doubt.

The Plaintiffs argue that the Court's ruling in dismissing these same Debtors' chapter 11 cases[4] included a finding that their expenditures prior to bankruptcy showed a lack of good faith. Even if such a finding is relevant to an action under section 727(a)(5), as the Court will discuss

---

[4] *In re Charles J. Kane*, Case No. 08-27457-EPK and *In re Harley N. Kane*, Case No. 08-27460-EPK.  These cases were dismissed by orders entered March 20, 2009, along with a case filed by their law firm, *In re Kane & Kane, a general partnership*, Case No. 08-27452-EPK.

below in connection with the claim under section 523(a)(6) the Court did not explicitly make such a finding in dismissing the Debtors' prior chapter 11 cases.

There are material facts in dispute as to Count II, and thus summary judgment is not appropriate.

Count III presents a claim under section 727(a)(7) for denial of discharge.  To prove this cause as presented here the Plaintiffs must show that the Debtors: (1) acted in a manner specified in section 727(a)(2); (2) within one year prior to the petition date or after the petition date; (3) in a case involving the relevant Debtor's insider.  For purposes of these adversary proceedings, the insider in question is the law firm Kane & Kane, a partnership ("Kane & Kane") also a chapter 7 debtor before this Court[5] and previously a chapter 11 debtor before this court.  The Plaintiffs allege that the individual Debtors caused Kane & Kane to make improper distributions to the individual Debtors, caused Kane & Kane to pay excessive salary to the individual Debtors and members of their family, and caused Kane & Kane to make other transfers to their family members.

The Debtors request summary judgment on Count III.  Kane & Kane is a general partnership under Florida law.  The Debtors argue that some of the transfers in question were transfers from Kane & Kane to the individual Debtors themselves and that these transfers did not deplete the partnership assets because, they argue, the partnership assets include the net assets of the individual Debtors as general partners.  In addition, they argue that Kane & Kane was solvent at the time of the alleged transfers and had the power to make distributions.

To some extent, the Debtors' arguments are contrary to Florida law.  A Florida general partnership is a distinct entity with its own assets.  Fla. Stat. § 620.8201(1).  Those assets do not include the net assets of the general partners.  Fla. Stat. §§ 620.8203, 620.8204.  General partners

---

[5] *In re Kane & Kane, a partnership*, Case No. 09-15556-EPK.

of a Florida partnership are jointly and severally liable for the obligations of the partnership.  Fla. Stat. § 620.8306(1); *see also* 11 U.S.C. § 723.  That does not mean, however, that a general partner's assets are considered partnership assets.

In any case, the Debtors' arguments are not relevant to the analysis under section 727(a)(7).  The question is one of intent.  Transfers from a general partnership to its general partner may be made with the intent to hinder, delay or defraud a creditor, even a creditor common to the partnership and the general partner.  The transfer of funds and their later dissipation often make it difficult for creditors to collect on their claims.  That the transfers alleged here may not constitute fraudulent conveyances from a technical standpoint is not material to the Plaintiffs' claim.  Sections 727(a)(2) and (a)(7) do not require proof of a fraudulent conveyance, only proof of intent to hinder, delay or defraud.

The Debtors argue that the component of Count III based on excessive compensation to the Debtors themselves must fail.  They contend that Kane & Kane was solvent at the time of such transfers, and that the payments were distributions to them as partners, properly authorized under state law.  The Debtors assert that Kane & Kane was solvent because the Plaintiffs' state court judgment was under appeal and therefore was not due and payable at the time Kane & Kane made transfers to the Debtors.  The state court judgment includes the customary phrase "for which let execution issue" in connection with the monetary award.  It is undisputed that the judgment was not stayed.  Thus, the Plaintiffs' state court judgment against the Debtors remained collectible during the appeal.  Indeed, this was a primary catalyst for the Debtors' chapter 11 petitions, to avoid such collection attempts as the Debtors claimed inability to post an appeal bond.  An un-stayed judgment represents a present liability of the relevant defendants - here the law firm Kane & Kane and the Debtors.  Based on the evidence presented here at the summary

judgment stage, including the Debtors' own affidavits attesting to the financial performance of Kane & Kane during the relevant period, it appears unlikely that Kane & Kane was solvent at the time it made the distributions in question to the Debtors.  It is thus unlikely that Kane & Kane could have lawfully issued distributions to the Debtors after entry of the state court judgment. Payments to Marcia Kane, also alleged to be partnership distributions, are subject to the same analysis.[6]

The fact that car lease payments made by Kane & Kane on behalf of Natalie Kane were relatively small given the amounts at issue in this case goes only to the weight of that evidence. The Court takes the Debtors' statement that such payments were *de minimis* as an admission that they may be taken into account under section 727(a)(7).

Lastly, the Plaintiffs point to salary paid by Kane & Kane to other relatives of the Debtors, namely Scott Kane, Claudia Kane and Sally Kane.  The Debtors claim that Scott Kane and Claudia Kane were employed by the firm as case managers and that Sally Kane was employed by the firm as an administrator and legal assistant.  The Debtors argue that this was reasonable for a small firm and that the firm obtained value as a result of services rendered by these individuals.  It seems unlikely that the Court could find actual intent to hinder, delay or defraud a creditor through salary paid to an employee providing a necessary service to Kane & Kane, unless such salary was clearly excessive.  The evidence before the Court at this stage of the proceedings does not allow the Court to conclude what value was received by the firm. Because the payments in question were made to insiders they will be accorded greater scrutiny in this analysis.  Again, the Court notes that this is not a fraudulent transfer claim.  When actual

---

[6] The Court notes that some of the payments at issue were made in direct violation of an order of this Court in the Debtors' prior chapter 11 cases.

intent is at issue, value received may weigh against a finding of intent to hinder, delay or defraud a creditor, but the mere existence of consideration is not dispositive.

There are material facts in dispute as to Count III and thus summary judgment is not appropriate.

Count IV is a claim for exception from discharge of a claim arising from embezzlement. The Plaintiffs allege that the Debtors misappropriated certain legal fees due and owing to the Plaintiffs.

The Debtors request summary judgment on Count IV.  The Debtors point to state court rulings denying certain of the Plaintiffs' requests for relief on the basis of breach of fiduciary duty, constructive fraud, fraud in the inducement and constructive trust.

It is appropriate here to briefly review the claims in the Plaintiffs' state court action against the Debtors (and others).  Here the Court is referring to the third amended complaint that resulted in a bench trial and final judgment in favor of the Plaintiffs.

The first count in the state court action was for breach of fiduciary duty.  The second count in the state court action was for constructive fraud.  The third count in the state court action was for the remedy of constructive trust.  The state court found that there was no fiduciary relationship between the Plaintiffs and the state court defendants, including the Debtors.  Relief under the first three counts of the state court complaint was denied solely on this basis.  In denying such relief, the state court apparently made no findings with regard to the other elements of those claims.

The fourth count of the state court complaint was for fraud in the inducement.  The state court ruled that the evidence as presented did not support a claim that the defendants (including the Debtors) made misrepresentations intended to induce the Plaintiffs to take part in the

litigation with the intent, from the start, of defrauding the Plaintiffs. This is a fact specific claim not supported by the evidence presented in the state court. The state court found that after the Plaintiffs were engaged but prior to the settlement at issue in the state court action the defendants (including the Debtors) acted in certain ways inconsistent with their having fraudulent intent at the start of the parties' relationship. The state court's ruling does not negate the possibility of a finding that the Debtors had fraudulent intent at a later time. The state court did not address any such claim as it was not relevant to the fraud in the inducement claim stated in the complaint before the state court.

The Court notes that the state court never found that the Plaintiffs lacked a property interest in the settlement proceeds at issue in that case. Even if the state court had made such a finding, it would not have been necessary to its rulings. On the issues where such analysis might have been relevant, the state court denied relief because the Plaintiffs and defendants in that action (including the Debtors) did not have a fiduciary relation. The fact that the Plaintiffs did not obtain a charging lien on the settlement proceeds is not dispositive here. The Plaintiffs may otherwise prove a property interest in such proceeds sufficient to support a claim of embezzlement in this case.

The fact that the Plaintiffs were not successful under the first four counts in the state court action has no bearing here. The state court denied relief on those counts, either prior to or after trial, based on findings unrelated to the claims brought in these adversary proceedings. The Plaintiffs' lack of success on those counts has no preclusive effect in these adversary proceedings.

There remain material facts in dispute and thus summary judgment is not appropriate for Count IV in this case.

Count V seeks to except from discharge under section 523(a)(6) a claim arising from willful and malicious injury to the Plaintiffs. The Plaintiffs allege that the Debtors unjustly enriched themselves at the Plaintiffs' expense by misappropriating fees owed to the Plaintiffs without justification or excuse.

The Plaintiffs request summary judgment on Count V based on collateral estoppel. They point to the final judgment entered in the state court action. In that judgment, the state court found that the defendants, including the Debtors, entered into a secret settlement enlarging their fees and reducing the fees received by the Plaintiffs. The Plaintiffs argue that the state court found the Debtors intended to injure the Plaintiffs in the manner required under section 523(a)(6) and existing precedent. The state court judgment does not support this contention. The Plaintiffs also point to this Court's ruling dismissing the Debtors' prior chapter 11 cases. The Plaintiffs argue that this Court found that the Debtors squandered millions of dollars, which this Court did find, and that injury to the Plaintiffs was substantially certain to result, which this Court did not find at that time.

Relief under section 523(a)(6) requires, *inter alia*, proof of a willful injury to another entity or the property of another entity. In spite of the seemingly simple language of section 523(a)(6), the willfulness standard is not as clear-cut as one might think. In a recent decision, this Court analyzed in detail the determination of a willful injury under section 523(a)(6). *Drewes v. Levin (In re Levin)*, 434 B.R. 910 (Bankr. S.D. Fla. 2010). That analysis is incorporated here. In short, the Plaintiffs must prove either that the Debtors arranged the settlement with the intent to injure the Plaintiffs, or that the Debtors' intentional act in structuring the settlement was substantially certain to injure the Plaintiffs. The substantially certain test can be objective or subjective in nature. For an objective application, the plaintiff must show that

defendant's intentional act was substantially certain to injure the plaintiff on an objective basis, without regard to the defendant's actual knowledge.  For a subjective application, the plaintiff must show that the defendant knew defendant's intentional act was substantially certain to injure the plaintiff.  As this Court noted in *Drewes v. Levin*, where the claim involves financial harm it is more appropriate to use a subjective substantial certainty test.  434 B.R. at 920.  This does not mean that the Debtors need to admit they knew the Plaintiffs would be injured, as such knowledge may still be proven by circumstantial evidence.  *Id*. at 919-20.

In its final judgment, the state court repeatedly expressed concern about the unprofessional behavior of the Debtors and the other defendants.  However, the state court did not find that the Debtors and other defendants arranged the settlement with the intent to injure the Plaintiffs.  Nor did the state court explicitly find that the Debtors' and other defendants' intentional acts were substantially certain to injure the Plaintiffs.  The state court judgment does not address the intent required to show willfulness within the meaning of section 523(a)(6).

In dismissing the Debtors' chapter 11 cases, this Court made no explicit finding with regard to the Debtors' intent in spending substantial sums prior to entry of the state court judgment.  Such a finding was not necessary to the Court's ruling.  Based on the extensive analysis in the state court judgment, this Court noted that the evidence presented in the state court must have been damning with regard to the Debtors' actions.  The Court found that this fact, combined with specific warnings from the state court not to spend their funds, should have put the Debtors on notice that there was a significant chance they would lose and suffer a large judgment.  Having spent millions of dollars in the few years prior to entry of the state court judgment, the Debtors and Kane & Kane were unable to post the substantial bond necessary to stay the Plaintiffs' judgment and sought the application of the automatic stay by filing chapter 11

13

petitions here.  Under these facts, the Court ruled that it was not appropriate for the Debtors to use chapter 11 filings in this Court to stop collection on the state court judgment.

Neither the state court nor this Court previously found that the Debtors acted with the willfulness required under section 523(a)(6).  There is not an identity of issues between the state court judgment or this Court's prior rulings and the issues to be addressed under Count V in this case.  As a result, such prior rulings do not have preclusive effect here. [7]

The Plaintiffs' state court judgment is based on a theory of unjust enrichment and *quantum meruit*.  In its judgment, the state court repeatedly stressed that the Debtors, in concert with the other defendants, orchestrated a settlement with the purpose of increasing the fees payable to themselves at the expense of the Plaintiffs.  It is not clear from the final judgment, however, whether these facts were critical and necessary to the judgment entered by the state court.   The state court was obviously concerned with what it perceived as markedly unprofessional behavior by the defendants, including by the Debtors.  However, its analysis of the amounts to be paid by the Debtors and the other defendants focuses on the value of the services provided by the Plaintiffs.  Based on its detailed review of the services rendered, the state court allocated a substantial sum to the Plaintiffs and directed specific amounts to be paid by each of the defendants, including the Debtors.  From the text of the final judgment, this Court cannot determine whether the Debtors' unprofessional behavior was a critical and necessary component of the judgment.  As a result, such findings have no preclusive effect here.

---

[7] In light of substantial case law construing the term "willful" under section 523(a)(6), it is now rare that a state court judgment, alone, is sufficient to accord relief under section 523(a)(6). While the Court does not believe this was the intent of Congress in enacting section 523(a)(6), the Court is bound by precedent.  Thus, even in *Drewes v. Levin*, involving an intentional shooting, this Court's summary judgment in favor of the plaintiff was not based solely on the state court jury verdict and judgment in that case, but took into account other evidence in the form of the debtor's own affidavit.  434 B.R. at 922-23.

There remain material facts in dispute and so summary judgment is not appropriate for

Count V.

Accordingly, it is

ORDERED AND ADJUDGED that:

1. *Plaintiffs' Motion for Partial Summary Judgment* [09-1838-EPK, DE 63] is DENIED.

2. *Defendant's Cross-Motion for Summary Judgment* [09-1838-EPK, DE 91] is

DENIED.

3. *Plaintiffs' Motion for Partial Summary Judgment* [09-1839-EPK, DE 47] is DENIED.

4. *Defendant's Cross-Motion for Summary Judgment* [09-1839-EPK, DE 72] is

DENIED.

###

Copies to:
Charles W Throckmorton, Esq.

*Charles W Throckmorton, Esq. is directed to serve a conformed copy of this Order on all interested parties and to file a certificate of service.*